FRANK BAGWILL ET AL. V. WILLIAM J. WROUGHTON.

FILED FEBRUARY 22, 1905. No. 13,713.

Evidence examined, and *held* not to support the verdict.

ERROR to the district court for Adams county: ED L.
ADAMS, JUDGE. *Reversed.*

.W. S. Morlan and E. B. Perry, for plaintiffs in error.

L. J. Capps, contra.

AMES, C.

This was an action in the district court for damages
for conversion. There were a verdict and judgment for
the plaintiff and the defendants prosecute error. There
were three counts or causes of action alleged in the peti-
tion, the first of which was abandoned on the trial and will
not be further considered. The second charged a conver-
sion of certain horses and the third a conversion of certain
notes. There are a large number of assignments in the
petition, but the main contention affecting the ultimate
rights of the parties that is urged in the briefs and argu-
ments of counsel is that the verdict and judgment are
contrary to law and unsupported by evidence, and as this
seems sufficient to dispose of the case, we shall omit to
treat of the others.

The horses were mortgaged by the plaintiff to one of
the defendants to secure an indebtedness by the former
either to the latter or to one of his codefendants, we are
not quite clear which, and were by consent of the parties

put in the possession of one Olmstead for safe keeping. Whether Olmstead served as custodian for both parties or for the mortgagee alone is disputed and is, we think, immaterial. The horses were, with knowledge of the mortgagee, taken from the possession of Olmstead upon a prior mortgage or bill of sale executed by the plaintiff, but which plaintiff contends was void for some reason not appearing upon its face, and of which it does not appear that the mortgagee had knowledge or notice. We do not think, as plaintiff contends, that the mortgagee was bound before surrendering the horses to hunt up the former and notify him of the demand, nor that he was negligent in omitting so to do. Neither do we think that Olmstead was agent for the mortgagee in such a sense that he was bound to communicate his knowledge of the invalidity of the mortgage, if he had any, which he denies, and which, we think, the evidence does not establish, to his principal. Further than this, it is not contended that the instrument upon which the horses were taken was void as against the plaintiff, but only that it was so as against his creditors and his second mortgagee. We do not think that the latter was bound to embark upon what might have turned out to be an expensive and tedious litigation for the doubtful purpose of attempting to prove the moral turpitude of his mortgagor. Olmstead had previously been an attorney of the plaintiff and was familiar with his affairs, and it is clear that the horses were left in his possession for the protection of the latter. It is not disputed that he told the plaintiff in error that the instrument upon which the animals were demanded and delivered up was a lien upon them superior to the mortgage, or that the mortgagee surrendered them in good faith and in reliance upon such advice.

As to the second cause of action, there seems to have been an entire failure of proof. The notes which were alleged to have been converted were instruments voluntarily turned over by the plaintiff to be collected and their proceeds applied toward the payment of his in-

debtedness to the plaintiff in error, the Citizens State Bank, which they are insufficient to satisfy, and his real complaint is that the proceeds of them were not fully and accurately accounted for and so applied. If such were the fact, which we do not stop to inquire, an adequate remedy would have been an action for an accounting and to compel the surrender or cancelation of the instruments and indebtedness to which they were collateral to the extent to which the latter were or should have been discharged. To that extent and for that purpose his creditor had a right to retain them, and for so doing it cannot be accused of conversion.

For these reasons, it is recommended that the judgment of the district court be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.